People are in conference. Thank you, Kyle. Case number 14-3477, Vorel Vlad v. P A M Transport, Inc. et al. Argument not to exceed 15 minutes per side. Mr. Gibbs, you may proceed for the appellant. Thank you. May it please the court, my name is Brian Gibbs, counsel for appellant Vorel Vlad. Mr. Vlad was the plaintiff in a prior trial before the U.S. District Court for the Northern District of Ohio, and the case related to a collision between two semi-tractor trailers on the Ohio Turnpike. In brief, Vlad was lawfully traveling in the right lane of the Ohio Turnpike when the trailer pulled from the shoulder at a very slow speed of about 35 miles per hour, cut into Vlad's path, and a collision occurred. At trial, in addition to the appropriate instructions pertaining to the right-of-way statute under Ohio law, the District Court erred by instructing the jury on an additional duty, a duty to look that was applicable to both parties. This court should reverse the decision for three reasons. The Ohio Supreme Court has consistently rejected this duty to look applicable to a right-of-way driver. Since the District Court in a diversity action must apply state law in accordance with controlling decisions of the State Supreme Court, it was error for the District Court to fail to apply the well-settled Ohio Supreme Court holdings. Second, the erroneous duty is incompatible with the appropriate standard of ordinary care provided under the right-of-way statute. And third, a competing claim under the assured clear distance statute, which was raised by Mr. Scott, does not provide an exception to the right-of-way statute or a nullification of the preferential status conferred by such. The relevant statute is Ohio Revised Code 4511, which states that the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving, in preference to another vehicle approaching from a different direction into its path. Counsel, this is Judge Sutton. So the one thing I'm struggling a little bit with your rule is just this intuition that is it really the case that a driver, even a driver with the right-of-way can, you know, let's say you're in a jurisdiction where texting or checking out your cell phone is not illegal. You're allowed to be doing that or eating a sandwich or whatever it is you're doing, but you're doing it negligently, i.e. not paying attention to what's in front of you. Because there's no duty to look, you don't see the vehicle in your lane until it's too late. And under your theory of the case, the other side can't put in an instruction that says one has to behave reasonably, even when you have the right-of-way and even when you stay in the same Well, your honor, one important point that you did touch on was the fact that the statute provides an exception, and that exception where a right-of-way driver can lose the preferential status is if that driver is traveling unlawfully. So for example... Yeah, but that's why I qualified it by saying it was lawful to check your cell phone to text or to eat a sandwich or do whatever you're doing, but remember the key thing you're doing is you're doing it irresponsibly, but not in violation of any other law. Well, I would cite the Ohio Supreme Court holding of Deming v. Osinski, which states in part in that decision that a driver with a right-of-way has no duty to look for dangers that might be approaching. In addition, the decision cited by Deming in 1933 Ohio Supreme Court case Morris v. Bloomgren states that a driver proceeding lawfully with the right-of-way has no duty to look or look effectively. He may assume his right-of-way will be honored, and so I understand while it could be said that there are actions taking place in a vehicle that would possibly impact a person's focus on the road, that has been rejected as a jury consideration for what potentially could have been seen or why it has. The Morris case does not deal with today's fact pattern. The Morris case isn't a case where you actually have the driver in the right-of-way behaving negligently, so I don't know why we would say it contradicts this rule. I mean that's my first point. My second point is the whole assured clear distance rule. It's very strange to say you've got this duty to close to something in front of you that you perceive, but that you have no duty to actually reasonably perceive things. That just seems really odd to me. Well, addressing those two points in turn, the first regarding the Morris case, the more appropriate analogy would be from the Deming case, the first one that I cited. In that case, the fact pattern actually bears some significant relevance because the driver in that case was approaching an intersection and was looking off to, I believe, a parking lot or gas station to the side where he saw somebody he might know, so he was not paying attention to the road directly ahead, but the court still ruled that that does not replace the preferential status conferred by the right-of-way statute that the to assume that his right-of-way will be honored. We'll call this the ignorance is bliss rule. Well, it's a determination based off of whether or not the person had the right-of-way through traveling lawfully, and then when they did discover apparel, that's when there is an exception, or rather, there's a standard that comes into play of ordinary care, so the law looks to the time when the apparel was discovered rather than looking at when it could have been discovered beforehand, and that's the distinction where the right-of-way duty adds a different and additional duty that can apply before discovery of apparel, and that is the basis largely for our error that we are alleging here, and to turn to the second point with respect to... This is Judge Moore. Before you get to the second point, is there any Ohio case that defines what unlawfully means in the context of the duty, the right-of-way duties? In other words, is unlawfully against a statute, or is unlawfully perhaps encompassing negligence? My understanding of unlawfully is a violation of a statute or ordinance, such as speeding, most commonly, or running a red light are the cases that are most often seen. Okay, and my second question that will perhaps take you on forward is, assuming that you're correct, that the instruction that was given on duty to look is error, was the error harmless error or not? The error was not harmless because but for that instruction, the jury would not have been permitted to apportion any fault to Vlad for his actions or his failures to see during a time period before discovery of the peril. So whereas a potential liability could have been placed on Vlad only after discovery of the peril, if he failed to act with ordinary care, instead the instruction allowed the jury to find him at fault for things prior and for reasons different than what the statute permits. Is that true even if the jury listened to both of your client's stories and decided that the one that he gave at the time of the accident was the one they believed? Yes, your honor. The only testimony came from at that time and the testimony was a difference certainly between 300 feet or some distance less. But even if it is accepted that at 300 feet he saw the peril, there was no evidence presented that he had an opportunity through the exercise of ordinary care to avoid the collision. Most notably, there was no reconstructionist who stated that under normal reaction times at the speed, under the load, or the weight that he was carrying, that there was an opportunity to break in time. And those are all calculations which certainly would have potentially been relevant to a jury determination. But since they were absent, there really was nothing presented to the jury that even provide the ability to infer that this semi-truck could have stopped at the distance after he discovered the situation. Furthermore, the testimony from Vlad did in fact state that as soon as he saw the peril, he began braking and he looked to the left to try to see if he could that one could take upon discovering that peril. Counsel, your time has expired. If you want to reserve your three minutes. Thank you. I will end with that point and reserve the three minutes still. Thank you very much. Okay. Mr. Lindsley, you may begin. Oh, thank you. Thank you very much. My name is William Lindsley from Toledo, Ohio. I represent both defendants, that is the truck company and the truck driver in this case. The importance of the judge's instruction on duty to look is that it's got to be taken into context with the other two instructions that we're not objected to. And that is the one that deals with right-of-way and the circumstances in which a person can lose the right-of-way. The second is the assured clear distance statute. So here's, I will try to just put them all into context into my brief remarks and I'll be glad to take questions. However, that Mr. Vlad did not initially have the right-of-way. He was proceeding lawfully as far as everyone knows, westbound on the Ohio Turnpike. Now, in order for him to continue to keep that right-of-way, he had to be driving in a lawful manner. If he does not drive in a lawful manner, according to the instruction given by the judge to the jury, he can lose the right-of-way over an approaching vehicle. This is Judge Moore. What is the Ohio meaning of lawful there? It has to be in a lawful way. Right. Well, as we know, a violation of any Ohio traffic statute is unlawful. And did he, was it argued that he violated any Ohio traffic statute? Yes. In fact, it was an affirmative defense. He failed to maintain an assured clear distance. Yeah. Sorry. That's how you're claiming he was unlawfully driving. Absolutely. Absolutely. He was driving too fast for the circumstances. So, counsel, if that's true, why did you need a duty to look instruction? If you win under assured clear distance, the duty to look instruction was gratuitous. No, it's not. No. And no one, no one claimed that it was gratuitous. But the point is this, the duty to look statute occurs in this context when a person becomes aware of a peril ahead of him. That term was used in Mr. Gibbs's argument, the peril ahead of him. There's no question, given the statement by the plaintiff to the police officers that evening, that he appreciated a peril in front of him. That was a truck parked on the side of the road that caused everybody to move to the left, as you saw, except for him. And he actually appreciated the vehicle begin to move, driving on the berm and pulling into his lane. He said, in fact, that when he realized he was too close, he began to brake when he realized that the truck was going slowly 300 feet ahead of him. And by the way, he didn't have to stop. And there was no need for an expert to talk about how long it takes to stop. This was something that's very conceivable. This is Judge Moore again. You said that the duty to look arose when he became aware of the peril. Is the instruction that was given by the district judge in conflict with that statement of when the duty to look arises? No, I don't believe it does. And now I'm just seeing if I can grab that quickly here. The instruction, so far as I can see, is on page 303 of the page ID numbers, page 19 of document 55. And it seems to me that it doesn't say that the duty to look arises when someone becomes aware of a peril. But keep in mind, again, that that instruction was given along with the assured clear distance and right-of-way instructions. And I believe, if I'm not mistaken, Your Honor, that that was the third of the three instructions, the duty to look. Yes, it is. So it has to be read in connection with that. Okay, another related question that I have is, it seems to the person not involved in the case that this instruction on duty to look just popped out all of a sudden, even though the district judge had ruled in the motion in limine that such an instruction would not be given. Is there, in the record, any discussion from the district judge about why he suddenly decided to give this instruction? Oh boy, to the record. I can only say this much. The judge looked at it, the way it goes is this, with motions in limine, a person's asking the trial judge to rule on factual issues before he's had a chance to see, you know, the evidence. Once this district court saw the evidence of Mr. Vlad's prior inconsistent statement indicating that there would have been a natural duty to look because he saw him, that's when the judge decided that it was appropriate to give the neutral duty to look instruction. So what I'm asking was, does the district judge ever say to the two counsel, you know, I've rethought this and I'm going to give this instruction because I think I was wrong before for the following reasons. And if he says this, I'd like to know where it is because I couldn't find it. Yeah, and I think you're probably right. I believe it was discussed in chambers prior to trial. You know how you go over the jury instructions with trial counsel and you say, well, I'm going to keep this one in because this, that, or the other. That's typically not on the record. But I think it was well known to both of us. Judge Batchelder, if I could interject here for a second. The judge did say, and I think this is at page 526 or so in the trial record, the judge did say, it seems to me it's an accurate statement of the law simply that the driver does have the duty to see what's there to be seen. I did not include a duty to anticipate threatening movements by the drivers or whatever. It works both ways. Mr. Scott had a duty to look to make sure he wasn't endangering himself or others. Mr. Vlad had a duty to look to make sure there was nothing in his way. So anyway, and then he preserved the objection to the instruction. Right. And that's occurring after afterwards, I think. And I'm wondering whether there was any discussion beforehand or whether that is the only place. Judge Batchelder refreshed my recollection. I do recall those remarks and they were made, I think, just prior to reading the jury instructions during the trial. But again, he said, see what's there to be seen. It was already admission that he saw it and therefore that's what triggered the duty to look. And that's what we argued. And nothing more than that. And it certainly is in compliance with Ohio law. It is in compliance with the facts that were presented, the evidence that was presented. And so it was a perfectly proper instruction. And moreover, and I hate to race ahead because if there are other questions, I want to stress that this jury instruction had, it was completely harmless, even if there was something wrong with it. I mean, we had the clear violation of this man's assured clear distance. And he and he lost his right of way based on the law in Ohio. So it was proper for the jury to determine, hey, how much was this guy negligent? And how much was that guy negligent? And not surprisingly, they both came down and said the equally 50 50. This was a little puzzled by your characterization of the duty to look instruction, you seem to be saying it's appropriate because he perceived the peril. And you're kind of making you're kind of pulling it together with a short, clear distance. I think everyone agrees that once you see something, you have to pay attention to it and keep a short, clear distance if that's the problem. But I thought I thought the import of this instruction is this tension with the Morris decision about the duty to look ie the duty to perceive the peril in the first instance. Well, the judge said, you have a duty to see what there is to be seen. And he saw it. So that's why the duty to look comes into play. It's a correct jury instruction. In fact, I believe it's exactly the proper jury instruction out of OJI. And it's in it comports with the evidence in the case clearly. I don't think this is Judge Batchelder. I don't think the issue is I understand this is whether the instruction itself is a correct statement of the instruction. The question is whether it should have been given under the fact of this case, which is a very distinct question, it seems to me. So you're saying that? Well, let me ask you a question a little bit differently. Would it not have been preferable for the trial judge to have at least indicated that um, if the jury found that Mr. Vlad had not in fact had been entitled to assume the assured clear distance ahead because of the initial statement, if the facts were as his initial statement to the police said that then this duty to look instruction would have come into play, rather than just giving it generally and not making it specific as to the parties? Yes. If you look at page 10 of my brief, it was jury instruction number 22. And that's exactly what the judge said, Your Honor. The assured clear distance rule does not apply until you find that Scott entered Vlad's lane of travel and suddenly reduced the assured clear distance ahead. He mentioned that to the jury in the assured clear distance instruction. If I if I could understand your theory, then your theory is, when did Mr. Vlad have the duty to look? Was it when he said he saw the truck parked on the side of the road? Was that when he when the duty to look then started? Well, that that that put him on notice that there was apparel but certainly by the time the truck was moving as Vlad watched it and and and then began to enter his roadway. And then he said, when I realized I began to break when I realized he was how slow he was going and I was 300 feet away. By the way, the judge, the district court did say, I'm sorry, your theory is not then that Vlad should have seen the truck earlier. Your theory is what he did once he saw the truck was the problem. Am I correct on that statement? That is absolutely true. And it in the judges theory instruction says, failure to see that which a reasonably careful person under like circumstances would have seen is negligence. That applies to the facts in this case. That's me. Did you answer my question? Yes, because I think if you did, then you're your next statement is in conflict with the answer. Yes, you're. So I'm confused what your position is, if you could clarify that. Okay, you asked if when he had the duty to to look, right? I believe I said as soon as he appreciated the peril. Now the peril is when he saw the truck on the side of the road. And certainly no later when he saw the truck driving on the side of the road, and moving into his lane of travel, which he said, by his own testimony, anyone can conclude that he had enough time to slow down 30 miles, not stop, but slow down 30 miles. And he didn't do it. He failed to maintain a short, clear distance. After appreciating the peril, that's negligence. And that's what the judge said. This is just having heard listen to you for a while. I'm just completely baffled as to why you asked for agreed to this duty to look instruction because it does not say with your theory of the cases, the duty to look instruction says you always have a reasonable duty to perceive things in your right of way. So I just I'm really struggling with what you were thinking. When you either allow judge car to put in this instruction, or you were urged him to put in this instruction. We recommended it doesn't do what you just said. We did recommend that. And and I, I don't see it that way. Your Honor, I see it as saying once you appreciate the peril, that's a mistake. That's essentially what says failure to say once you appreciate the peril, not those words, Your Honor, but it says failure to see that which a reasonably careful person under like circumstances would have seen is negligence. We already had the evidence, but he saw it. And therefore a duty to look after you appreciate a peril is is is required. It's a proper jury instruction. By the way, duty to look duty to look says failure to see. And you just essentially what the what the this is right out of OJI. So essentially, what it is is this, you see something that's a peril, you got a duty to keep looking. That's exactly what occurred here. And and the jury found that he failed to maintain a short, clear distance that there's no question about that. And he lost his right of way. And at that point, counsel, your time has expired. Oh, perfect timing. Thank you. Thank you. To pick up on a very important point that was just addressed. The jury instruction regarding a duty to look is unquestionably not restricted to just the time after discovering a peril. It applies at all times by any plain reading of the instruction. And the jury instruction can allow a jury member to apportion fault therefore, for a failure to see when, as was just pointed out, the law says that a duty only arises after seeing and those two things are quite different, which does not as opposing counsel just tried to state does not comply with the right of way statutes preferential status conferred on the right of way driver. Furthermore, regarding the provide supposedly some measure by which the right of way driver can lose their right of way, that violation of an assured clear distance statute can only occur upon a collision. You can't violate an assured clear distance statute when you're accelerating breaking and traveling any times beforehand, you violate it if you rear end somebody. So with respect to the right of way statutes exception for unlawful travel, that exception can't apply on an assured clear distance allegation, which cannot arise until a collision, and therefore cannot provide any grounds for the jury to assess fault at any time prior, which counsel counsel. So this is Judge Sutton again. What I don't see is the key cases in which you're relying, rejecting and coming to grips with the point I raised when you started your argument, which is the person that is behaving unreasonably in not looking at the road and therefore does not perceive the peril. And so I still don't know the answer to that question. I still don't understand why we have to take those Ohio cases as saying, you really can unreasonably continue to look away from the road. And as long as you don't perceive the peril, you don't have to worry about assured clear distance. I just I don't understand that point. Well, simply returning to again, the Ohio Supreme Court's decision in Deming versus Osinski, in that case, the lower court gave an instruction to the jury regarding a duty to look effectively, continue to look, and otherwise remain alert. And the Deming court reversed, and in doing so, affirmed the Beers versus Wills and Morris versus Bloomgren decisions, which state that a driver with the right of way has a shield and an absolute right to proceed uninterruptedly, which if you are instead placing some different duty to look effectively, you would be nullifying that long standing preferential status. Your view of Ohio law is you can, ignorance truly is bliss, you really can just continue to text, eat your sandwich, do whatever you're doing. And you're good. And you have the right of way as long as you don't see the peril. I believe that the different way to characterize that is you don't have any duty to assume that somebody else is taking care of you. This is Judge Moore. Think of a hypo. Think of a person driving on a turnpike, and deciding that they're going to read a book while they're driving. And there's no law that prohibits reading a book while you're driving. And suppose that person then just literally drives into the rear end of a car in that right lane. What would that would your position still hold in that instance? And what case would you point us to to help you or to hurt you on that point? Well, I am not aware if I may continue even though I believe my time is up. I'm not aware if there's a law against reading a book while driving, but there ought to be I assume. But to take that example, I do believe that yes, you are dealing with a situation where the driver with the right of way cannot be at fault, no matter if he is paying attention to something off the side of the road in the car or otherwise. But that only comes into play when somebody violates the right of way by cutting into the path of that driver. So for example... But that's not what Judge Moore said. You have to assume in her fact pattern that the driver in front is driving lawfully, but just a little more slowly. And the driver behind is driving lawfully, but a little more quickly. And because they're reading a book, they plow into the car. And the driver in front is guilty. Well, under that fact pattern, I don't believe you would have the applicability of the right of way statute, because I don't think a driver simply in front of you that happens to be driving a little bit more slowly would be a driver that cuts into your path and violates your right of way like what we have here. Okay, counsel, I think that your rebuttal time has expired. Unless there are other specific questions from the panel. Thank you very much. The case will be submitted. Thank you. Thank you.